IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LAUREL SANTEE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-07-CV-341-PRM |
| | § | |
| ENCORE RECEIVABLE | § | |
| MANAGEMENT, INC. and | § | |
| INTERNATIONAL FIDELITY | § | |
| INSURANCE COMPANY, | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

On this day, the Court considered Plaintiff Laurel Santee's "Opposed Motion to Remand to State Court and Brief in Support," filed on October 30, 2007; Defendants Encore Receivable Management, Inc. and International Fidelity Insurance Company's "Reply to Plaintiff's Motion to Remand to State Court," filed on November 7, 2007; Plaintiff's "Reply to Defendants' Reply [sic] [Response] to Plaintiff's Motion to Remand to State Court and Brief in Support," filed on November 14, 2007; and the oral arguments made by the parties at a hearing on November 30, 2007, in the above-captioned cause. After due consideration, the Court is of the opinion that the case should be remanded for the reasons set forth below.

I.     **BACKGROUND**

Plaintiff is a citizen and resident of Texas. Defs' Not. of Removal 3. Defendant Encore Receivable Management Inc. is a Kansas corporation with its principal place of business in Kansas. *Id.* Defendant International Fidelity Insurance Company is a New Jersey corporation with its principal place of business in New Jersey. *Id.*

Plaintiff filed suit on May 5, 2006, in the 346th Judicial District Court of El Paso County,

Texas, alleging that Defendants (1) violated Chapter 392 of the Texas Finance Code, (2) violated her right to be free from unreasonable collection efforts, and (3) violated her right to be free from an invasion of privacy. Pl.'s Orig. Pet. and Req. for Disclosure, 4-5.[1] In a series of amended petitions, Plaintiff brought forth additional claims: that Defendants (1) violated the Texas Deceptive Trade Practices Act, (2) violated the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA"),[2] (3) violated Section 34.47 of the Texas Business and Commerce Code, and (4) were negligent. Pl.'s Seventh Amended Pet. 4-10.[3]

Defendants filed a "Notice of Removal" on October 9, 2007. Plaintiff filed the instant Motion on the ground that Defendants' "Notice of Removal" was filed outside the statutory limit for such a filing, and asks the Court to remand the case. Pl.'s Mot. 6. She also seeks recovery of attorneys' fees and costs incurred as a result of Defendants' removal. *Id.* at 1.

## II.   REMOVAL

---

[1] Defendants' "Notice of Removal," filed on October 9, 2007, was submitted with a box in which is contained the record of pleadings submitted in the state court action, none of which are numbered or otherwise marked for identification purposes. Plaintiff's "Original Petition and Request for Disclosure" is one such pleading contained in the box. Defendants apparently rely on the documents contained in the box as evidence to support their argument that removal is proper. The Court will refer to each of these pleadings by its title.

[2] Defendants removed the case only of the basis of diversity jurisdiction, and make no argument that this cause of action gives rise to federal question jurisdiction. However, the TCPA confers exclusive jurisdiction on state courts for private actions. *Chair King v. Houston Cellular Corp.*, 131 F.3d 507, 512 (5th Cir. 1997).

[3] Plaintiff's Seventh Amended Petition was filed on September 13, 2007. While the claim for negligence was included in the Seventh Amended Petition for the very first time, the factual allegations upon which the claims were premised had been well established and alleged in previously filed pleadings. Additionally, discovery had apparently proceeded sufficiently prior to September 13, 2007, to allow Defendants to affirmatively move for summary judgment, to supplement the summary judgment pleadings on two separate occasions, and to have had the motion submitted for determination by the state trial judge.

### A. Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (Lexis 2007). District courts have original jurisdiction over suits in which the requirements for diversity jurisdiction exist. 28 U.S.C. § 1332 (Lexis 2007). However, there is a presumption against the existence of federal jurisdiction, and "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). This burden "extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Blanchard v. Wal-Mart Stores, Tex., LP*, 368 F. Supp. 2d 621, 623 (E.D. Tex. 2005) (internal quotations omitted).

When a plaintiff chooses to file suit in state court, a defendant may generally remove the case to federal court if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441(a). A defendant must also satisfy certain procedural requirements. *Blanchard*, 368 F. Supp. 2d at 623. Most relevant to the instant inquiry is 28 U.S.C. § 1446(b), which sets forth that,

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed *within thirty days* after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable, *except that a case may not be removed on the basis of [diversity jurisdiction] more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (emphasis added). Any doubts as to the propriety of removal jurisdiction should be resolved in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

3

B.  *Arguments of the Parties*

Plaintiff argues that the case should be remanded because the Notice of Removal was filed outside of the one year limit set forth in § 1446(b), and the Notice of Removal was filed more than thirty days after Defendants received "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable," in violation of the thirty day limit set forth in § 1446(b).[4]  Pl.'s Mot. 6-8.

Plaintiff asserts that the one year limit set forth in § 1446(b) is applicable, that Defendants removed the case "well over one year after [it] was filed," and "substantial progress has been made on the case in state court." *Id.* at 8. She argues Defendants acted in bad faith and "had no objectively reasonable basis to remove this case to federal court." *Id.* at 1. Plaintiff notes that Defendants seek an equitable exception to the one year limit, but asserts that Defendants do not demonstrate such an exception is warranted in part because they failed to remove the case within thirty days of learning the amount in controversy exceeds $75,000. Pl.'s Reply to Defs' Resp. to Pl.'s Mot. 4.

Plaintiff argues Defendants had notice that the amount in controversy exceeds $75,000 more than thirty days before they filed their "Notice of Removal." Pl.'s Mot. 7. Plaintiff submits Defendants received her "Sixth Amended Original Petition and Request for Disclosure" 120 days before they removed the case. *Id.* Therein, Plaintiff requested damages of $500 or $1,500 for each telephone call she received from Defendants. Pl.'s Sixth Am. Pet. 8-9. Defendants sent a

---

[4] Plaintiff also asserts that Defendants waived any right to remove the case when they proceeded to defend the case in state court. However, because the Court has found Defendants' Notice of Removal is not timely filed, and will exercise its discretion to remand the case on that basis, it declines to address whether Defendants' actions in defending the case in state court constitute a waiver of their right to remove.

document entitled "Responses to Plaintiff's Seventh Set of Discovery Requests," to Plaintiff on May 18, 2007, in which they admit calling Plaintiff 220 times. Pl.'s Mot. App. 12. Plaintiff asserts that her Sixth Amended Petition, in conjunction with Defendants' admission with respect to the number of calls, demonstrates the amount in controversy is, at a minimum, $110,000.[5] *Id.* at 7.

Plaintiff also sets forth that the amount in controversy could have been determined from her "Fourth Supplement to Plaintiff's Responses and Objections to Defendants' Interrogatories and Requests for Production of Documents," sent via certified mail, return receipt requested, to Defendants' attorney on June 18, 2007, wherein she sought a minimum range of damages of $110,000 to $300,000.[6] *Id.* at 7. Further, she submits a letter, dated August 7, 2007, from Defendants' attorney to her attorney in which Defendants' attorney writes that he understood Plaintiff to be seeking damages of $421,000 to $1,200,000. *Id.* App. 40. Finally, she submits a letter, dated August 8, 2007, and sent from Plaintiff's attorney to Defendants' attorney, seeking "a minimum range of damages of $110,000 to $330,000." *Id.* App. 49.

Defendants concede they removed the cause more than one year after the commencement of the state court action. Defs' Resp. to Pl.'s Mot. 1. However, they argue that an equitable

---

[5] 220 calls, valued at $500 each, the lowest amount Plaintiff set forth in her Sixth Amended Petition, amount to $110,000.

[6] The return receipt is provided and signed, although it is undated. Pl.'s Mot. App. 30. Plaintiff also submits an affidavit of Attorney Dean Malone, who asserts that this letter was sent to counsel for Defendants on June 18, 2007, that the return receipt indicated someone at Defendants' attorney's office signed for the letter, and that he is unaware why the receipt is not dated. *Id.* App. 7-8. Defendants do not dispute that their attorney received the letter; rather, they argue that Plaintiff has not proved she mailed the letter because the receipt is undated. Defs' Resp. 4.

exception to the one year limit on filing a removal notice in a diversity case is warranted because Plaintiff acted in bad faith. *Id.* at 7. They further assert that they removed the case "within thirty (30) days of receiving adequate written information enabling [them] to intelligently ascertain that this case is one that became removable."[7] *Id.*

Defendants assert that Plaintiff "engaged in deceitful forum manipulation designed to prevent Defendants an opportunity [sic] to assert the statutory right to remove." *Id.* at 2. They assert that Plaintiff's pleadings, "from the original complaint through the Fifth Amended Complaint, affirmatively stated that the amount in controversy did not exceed $75,000." *Id.* at 5 (emphasis in original). They admit receiving pleadings and other documents as early as June 11, 2007, that did not expressly limit the amount in controversy to less than $75,000, but assert those documents did not make clear that the case was removable. *Id.* at 2-3. Defendants argue that Plaintiff's "deceitful forum manipulation" resulted in their being unaware that the amount in controversy exceeds $75,000 until September 13, 2007, and so the removal notice filed on October 9, 2007, was within the 30 day limit set forth in § 1446(b). *Id.* at 2.

C.   *Analysis*

   a.   Application of Equitable Exception

There is no dispute that the parties are diverse, that the amount in controversy exceeds $75,000, or that Defendants' "Notice of Removal" was filed more than one year after the case

---

[7] Defendants also assert that Plaintiff's Seventh Amended Original Petition, in which Plaintiff added a cause of action for negligence, "substantially changed the character of the litigation so as to make it substantially a new suit." Defs' Resp. to Pl.'s Mot. 6. However, Defendants provide no legal authority to support their claim that the institution of a new claim based upon previously alleged facts to allow for additional time to pursue removal to federal court. Accordingly, the Court finds this argument to be without merit.

was initially filed. Accordingly, Defendant's removal does not comply with the one year limit set forth in § 1446(b). However, that limit is subject to equitable exception "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428-29 (5th Cir. 2003). In *Tedford*, the plaintiff joined a non-diverse party three hours after receiving notice that the defendant planned to remove the case, and then nonsuited the non-diverse defendant shortly before the expiration of one year after filing the original claim, without notifying the diverse defendant of such nonsuit. *Id.* at 427. The defendant did not learn the non-diverse defendant was nonsuited until after the year had expired. *Id.* The Fifth Circuit found that the application of an equitable exception to the one year limit was warranted because the plaintiff had engaged in a "pattern of forum manipulation." *Tedford*, 327 F.3d at 427-28. In part, this equitable exception was appropriate because, "[e]ach time it became apparent that the right to remove existed, [the defendant] sought to exercise that right." *Id.* at 428.

        b.    Notice of the Amount in Controversy

In her Sixth Amended Petition, which Defendants admit receiving on June 11, 2007, Plaintiff added a claim alleging a violation of the TCPA. *See* Pl.'s Sixth Original Pet. The TCPA provides for statutory damages of $500 for each telephone call placed using an "automatic telephone dialing system," without the consent of the called party, which damages are increased to $1,500 if the violation is willful. 47 U.S.C. § 227(b)(3) (Lexis 2007). Defendants had previously admitted leaving "a total of 220 unattended messages on Plaintiffs [sic] voice mail system or answering machine," in their responses to Plaintiff's interrogatories on May 18th, 2007. Pl.'s Mot. App. 12. Therefore, Plaintiff's damages would be $110,000 at a minimum.

Defendants agree that Plaintiff's Sixth Amended Petition did not expressly limit damages to $75,000. Defs' Resp. to Pl.'s Mot. 2. However, they assert that the pleading was not specific as to the amount in controversy. In order for an amended pleading, motion, order, or other paper to "start the time limit running for a notice of removal," it must be "'unequivocally clear and certain'" with respect to the information supporting removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (citation omitted). Defendants insist that Plaintiff's assertion, in that pleading, that her cause of action pursuant to the TCPA, "'confers **exclusive jurisdiction** on state courts to entertain such an action' [creates] a misleading inference that the Petition could not be removed to federal court." Defs' Resp. to Pl.'s Mot. 3 (emphasis in original).[8] As the Court notes in Footnote 2, *supra*, the TCPA does confer exclusive jurisdiction on state courts. *Chair King v. Houston Cellular Corp.*, 131 F.3d 507, 512 (5th Cir. 1997). The Court fails to see how a correct statement of law could be misleading.[9]

The Court finds that Plaintiff's Sixth Amended Petition, alleging a new cause of action, and filed subsequent to Defendants' admission with respect to the number of calls, was unequivocally clear and certain allowing Defendants to conclude that the amount in controversy

---

[8] In order to be abundantly clear, the Court notes that both the bolded text and the bracketing is utilized in Defendants' Reply.

[9] Defendants also argue that Plaintiff's request, in the section entitled "Prayer" of her Sixth Amended Petition, for "damages within the jurisdictional limits of the court" is misleading. Defs' Resp. to Pl.'s Mot. 3. The Court notes that in Texas, a district court, such as the 346th Judicial District Court of El Paso County, Texas, is a court of general jurisdiction, which jurisdiction extends to all civil actions of unlimited amounts in controversy. *See* TEX. CONST. art. V, § 8; *League of United Latin Am. Citizen, Council No. 4434 v. Clements*, 999 F.2d 831, 875 (5th Cir. 1993). Again, the Court fails to see how Plaintiff's prayer for damages could be misleading.

8

exceeded $75,000.[10] Therefore, the Court finds that Defendants received an amended pleading from which it could be ascertained that the case was removable on June 11, 2007, nearly four months before Defendants removed the case.

Unlike the defendant in *Tedford*, Defendants did not seek to remove the case when it became apparent that such right existed. Rather, they waited nearly four months to seek removal. The Court finds that under such circumstances, application of an equitable exception to the one year limit set forth in § 1446(b) is not warranted. Therefore, the Court concludes that the case should be remanded to the 346th Judicial District Court of El Paso County, Texas.

### III.   ATTORNEYS' FEES AND COSTS

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005); *see also Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000) ("[T]he question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper.")

Plaintiff argues that Defendants' removal lacked an objectively reasonable basis, and that she is entitled to an award of the costs and attorneys' fees she incurred in objecting to the

---

[10] The Court is mindful that it was certainly possible for Plaintiff to have specifically indicated in her Sixth Amended Petition that total damages being sought exceeded $75,000, given Defendants' admission with respect to the number of calls, and thereby avoid Defendants' confusion resulting from the multiple pleadings and possibly the necessity for the Court's consideration of this motion.

removal. Pl.'s Mot. 9. Although the Court has found that Defendants' removal was improper, the Court finds that Defendants had objectively reasonable grounds for removal based upon the issue addressed in note 10 of this Memorandum Opinion and Order. Therefore, the Court finds that although the case should be remanded, Defendants had an objectively reasonable basis for filing their "Notice of Removal," and therefore exercises its discretion to decline to award attorneys' fees.

## IV. CONCLUSION

Based on the foregoing analysis of facts and legal principles, the Court concludes that removal of the above-captioned cause to federal court was improper because it was not timely filed. Therefore, the Court finds that Plaintiff's Motion to Remand should be granted insofar as she requests for the case to be remanded, and should be denied insofar as she requests attorneys' fees and costs.

Accordingly, **IT IS ORDERED** that Plaintiff Laurel Santee's "Opposed Motion to Remand to State Court and Brief in Support" (Docket No. 9) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the above-captioned cause is **REMANDED** to the 346th Judicial District Court of El Paso County, Texas.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this matter.

SIGNED this 21st day of **December, 2007.**

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE